## HAROLD FISK v. STATE.

No. A-8742. Jan. 25, 1935.
(40 Pac. [2d] 684.)

William L. Seawell, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Okfuskee county of grand larceny, and was sentenced to serve a term of one year in the state penitentiary. At the time charged there was stolen from the residence of one Bradburn certain clothing, of the value of about $35. At the time there was at the home of Bradburn one Jones, Richards, Forrest, and Alexander, with the defendant. All were drinking. After they left Bradburn discovered some wearing apparel missing and called an officer, and he discovered the car in which Bradburn's visitors were, about a half mile from his residence. As the officers approached, Forrest fled. Defendant, Jones, and Alexander remained at the car. In the car was found the stolen property. The principal witness for the state was Forrest. He testified defendant assisted him in the larceny. The corroboration of this claimed accomplice is very slight. Defendant denied any participation in the larceny, and testified he did not know the stolen property was in the car until the officers came to it.

The principal contention is that the court permitted the state on cross-examination to ask defendant about his arrests or charges in other cases and in effect to put his character in issue. Upon this point the state has filed a confession of error in part as follows:

"* * * Upon the cross-examination of the defendant the county attorney inquired of him about certain arrests for crimes of which he had never been convicted, this over the objection and exception of the defendant's counsel. It seems that the trial court admitted this evidence on the theory that it tended to show that the defendant was asso-

ciated with known thiefs and also upon another theory that he was caught in the commission of a crime. Whether or not he was in the commission of another crime at the time of his arrest would be a question to be tried by another jury, and his credibility could not be affected by such arrest until after he had been convicted of that crime. There are repeated decisions of the Criminal Court of Appeals to this effect, holding that it would not be proper to investigate the question of guilt or innocence of the defendant of another distinct crime, which would be a collateral matter in the trial of a case of this kind, for the purpose of affecting his credibility * * * and in view of that fact it is the opinion of the Attorney General that the defendant was materially prejudiced by the action of the county attorney in making such a cross-examination and because of the lack of substantial corroboration of the accomplice. * * *"

An examination of the record convinces us that defendant did not have a fair trial; that the confession of error is warranted.

The judgment is reversed.

DAVENPORT, P. J., and DOYLE, J., concur.